UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MARISCAL, ) | |
| ) | |
| Petitioner, ) | 3:07-cv-0408-PMP-VPC |
| ) | |
| vs. ) | |
| ) | ORDER |
| E.K. MCDANIEL,, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by pro se petitioner David Mariscal, a Nevada prisoner. Before the court is respondents' motion to dismiss (docket #33).

**I. Motion to Dismiss**

   **A. Exhaustion of Claims**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

1  A habeas petitioner must "present the state courts with the same claim he urges upon
2 the federal court" in order to allow a state court to correct violations of federal rights. *Picard v.*
3 *Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The federal
4 constitutional implications of a claim, not just issues of state law, must have been raised in the state
5 court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing
6 *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the
7 prisoner [is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.
8 S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between
9 a claim of state and federal error is insufficient to establish exhaustion").

10  Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the
11 state court the same operative facts and legal theory upon which his federal habeas claim is based.
12 *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of*
13 *Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218
14 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal
15 court facts or evidence which place the claim in significantly different posture than it was in the state
16 courts, or where different facts are presented to the federal court to support the same theory.
17 *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.
18 1988).

19  Respondents argue that all of the grounds contained in the amended petition for writ
20 of habeas corpus are unexhausted (docket #33). Petitioner alleges four grounds for relief. First
21 petitioner contends that his First, Fourth, Fifth, and Fourteenth Amendment rights were violated
22 because he did not receive a parole hearing until four years after he was eligible for parole, and he is
23 being illegally held beyond his maximum sentence. Second, petitioner argues that his Fourth, Fifth,
24 and Fourteenth Amendment rights were violated when the parole board did not provide an
25 explanation for why it was denying parole. Next, petitioner asserts that his First, Fourth, Fifth, and
26 Fourteenth Amendment rights were violated at the parole hearing because he was denied right to

1  counsel, the right to a trial, and was not read his rights when questioned about an unrelated, out-of-
2  state case. Finally, petitioner alleges that his First, Fourth, Fifth, Sixth, and Fourteenth Amendment
3  rights were violated when the parole board did not comply with NRS 241, the state's open meeting
4  law.

5  Respondents argue that petitioner has not filed a habeas corpus petition with the state
6  district court, and therefore these grounds are unexhausted. Petitioner appears to concede, in his
7  petition and response to the motion to dismiss, that no state habeas corpus petition was filed with the
8  clerk of the district court in the county in which he was incarcerated (docket # 24 and #35).[1]
9  Petitioner alleges that he attempted to file a habeas corpus petition and a notice of appeal with the
10 Justice Court for White Pine County, however, the justice of the peace returned the documents.
11 Petitioner essentially argues that he has no remedies in state court, therefore this court should treat
12 the claims as exhausted.

13 The requirements of exhaustion will be excused when a "petitioner cannot present his
14 claim because there is an absence of available state corrective process." 28 U.S.C. § 2254
15 (b)(1)(B)(I). Furthermore, exhaustion will also be excused if a petitioner cannot present a claim
16 because "circumstances exist that render such process ineffective to protect the rights of the
17 applicant." 28 U.S.C. § 2254 (b)(1)(B)(ii).

18 Petitioner does have an adequate and available state remedy. Petitioner can file a
19 habeas corpus petition with the clerk of the *district court* in the county where he is incarcerated.
20 Petitioner only attempted to file a petition with the justice court, which cannot review state
21 postconviction petitions. Moreover, if it is the state district court clerk that is refusing to file the
22 petition, then the petitioner can file a petition for writ of mandamus with the Nevada Supreme Court.
23 NRS 34.160 (stating that a writ of mandamus may be issued by the supreme court to "compel the

---

[1] Petitions challenging parole or sentence computations must be filed with the clerk of the district court for the county in which a petitioner is incarcerated. *See* NRS 34.738(1) (also noting that challenges to a judgment and sentence are to be filed with the clerk of the district court for the county in which the petitioner was convicted).

1 performance of an act which the law especially enjoins as a duty resulting from an office, trust of
2 station"). *See also* Nev. R. App. P. 21.  As the petitioner has a remedy in the Nevada state courts,
3 petitioner will be required to exhaust his claims.

Petitioner also appears to argue in his amended petition that he did file a habeas corpus petition with the Nevada Supreme Court and therefore his claims have been exhausted. Petitioner attaches two different orders from the Nevada Supreme Court.

Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989).  A state may mandate "a particular procedure to be used to the exclusion of other avenues of seeking relief, 'so long as the right of review is not foreclosed or unduly limited.'" *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).  "Presenting an issue to the state's highest court via a statutorily deviating path will not exhaust state remedies." *Id*. (citing *Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985)).

In the present case, the Nevada Supreme Court denied a petition for writ of habeas corpus on August 24, 2007, stating that the petitioner should raise his challenges to his parole proceedings in a habeas corpus petition filed in the district court in the county in which he is incarcerated (attached at docket #24).  The court cited to NRS 34.360 and NRS 34.738(1). *Id.*  The Nevada Supreme Court also denied a habeas corpus petition on May 1, 2008 for the same reasons. *Id.*  The habeas corpus petitions filed with the Nevada Supreme Court did not exhaust the claims in the instant amended petition, as the petitioner did not follow Nevada's procedure for exhaustion. The court will grant the motion to dismiss.

The court will not address respondents' arguments that several of the grounds are conclusory, and that one of the grounds is not cognizable in this action, as the court has found that all of the grounds are unexhausted.

**B. Petitioner's Election**

The court finds all four grounds in the amended petition to be unexhausted.  In most cases the court would allow the petitioner to make an election, i.e., to abandon the unexhausted

4

claims or move for a stay of the action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), so that he may return to state court and exhaust his unexhausted claims.

However, the instant petition is not a "mixed" petition, or a petition containing some exhausted and some unexhausted claims. The petition in this case contains only unexhausted claims. When a habeas corpus petition contains only unexhausted claims, a court may dismiss the petition. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). While a federal district court has discretion to hold a mixed petition in abeyance pending exhaustion, that rule has not been extended to situations where the habeas petition contains only unexhausted claims. *Id.*

Therefore, the court will dismiss the petition without prejudice.

**II. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a

petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed without prejudice as the petition contains only unexhausted claims. The court did not reach the merits of any of petitioner's constitutional claims. No reasonable jurist could conclude that this court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #33) is **GRANTED**. The Court finds that all of the claims in the amended habeas corpus petition are unexhausted.

**IT IS FURTHER ORDERED** the amended habeas corpus petition (docket #24) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED: May 29, 2009.

PHILIP M. PRO
United States District Judge